United States District Court
Southern District of Texas
**ENTERED**
January 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS ANTONIO ESQUIVEL, | § § § § § § § § § § § | |
| Petitioner, | | |
| VS. | | CIVIL ACTION NO. 2:20-CV-00286 |
| THE TEXAS COURT OF CRIMINAL APPEALS, | | |
| Respondent. | | |

## **MEMORANDUM AND RECOMMENDATION TO DISMISS CASE**

Petitioner Jesus Antonio Esquivel, proceeding *pro se* and *in forma pauperis*, has filed this petition for writ of mandamus against the Texas Court of Criminal Appeals (TCCA). (D.E. 1). Petitioner was convicted in Bexar County for possession of a prohibited firearm and sentenced on March 26, 2010 to twenty-five years in prison. Petitioner is currently confined at the McConnell Unit in Beeville, Texas.

Petitioner states in his mandamus petition that he filed a state application for habeas corpus relief in Bexar County. (D.E. 1, p. 1). According to Petitioner, his state application was denied by the trial court on May 12, 2016 and subsequently forwarded to the TCCA. Petitioner states that he mailed a letter to the TCCA on February 10, 2020, asking about the status of his state habeas application before the TCCA. In a response dated February 23, 2020, Petitioner was advised that his application remained pending. Petitioner asks

this Court to issue a writ of mandamus compelling the TCCA to render a decision through a written order. (D.E. 1, p. 2).

Requests for a federal writ of mandamus are governed by 28 U.S.C. § 1361. This statute provides that "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts have no power to issue writs of mandamus to direct state officials or agencies in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973); *see also Johnson v. Bigelow*, 239 F. App'x 865, 865 (5th Cir. 2007) (per curiam) (dismissing claims for injunctive relief against a state trial court judge because the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties). The Court, therefore, lacks jurisdiction to entertain Petitioner's petition for mandamus relief.

Accordingly, it is respectfully recommended that Petitioner's petition for writ of mandamus against the TCCA be **DENIED** and that this action be **DISMISSED**.

Respectfully submitted on January 15, 2021.

_____
Julie K. Hampton
United States Magistrate Judge